UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL B. VOTAW,

                Petitioner,

-vs-                                                    Case No.  8:07-cv-895-T-17TBM

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## ORDER

Before this Court is a pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Paul B. Votaw (Votaw), a Florida prisoner. Votaw challenges his conviction for burglary of a dwelling and felony battery arising out of the Twelfth Judicial Circuit, Sarasota County, Florida in case no. 04- 15862CF.

PROCEDURAL HISTORY

On November 4, 2004, Votaw was charged by Information with burglary of a dwelling and felony battery in case no. 04-15862CF. (Exhibit 1: Circuit Court Criminal Docket Sheet).[1] On January 19, 2005, Votaw entered a nolo contendere plea to both charges. On that same date, Votaw was sentenced to 59.4 months in prison on each charge, with the sentences running concurrently.

---

[1] Because of the lack of state court records, for purposes of the procedural history the Court relies upon the assertions in Votaw's § 2254 petition and memorandum of law, the circuit court docket sheet, and the information contained in the Florida Department of Corrections Offender Network website.  Since Votaw did not file a reply opposing this same assumption on the part of the Respondent, the Court assumes that Votaw agrees that the procedural history is correct.

Votaw did not pursue a direct appeal nor seek any form of collateral relief in the state courts. Votaw signed the instant § 2254 petition on May 21, 2007. (Doc. 1). He raises four grounds for relief: (1) fundamental error in that the State could not prove the elements of burglary; (2) violation of due process where Votaw was not advised of the elements of the crime; (3) trial counsel was ineffective for failing to investigate or pursue a consent defense; (4) the plea was involuntary because Votaw was unaware the charges were reversed.

The petition is untimely pursuant to 28 U.S.C. § 2244(d). Further and alternatively, Votaw's claims are procedurally barred.

## PETITION IS TIME-BARRED

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Ordinarily, a plea-based judgment in Florida becomes final thirty days later where the defendant does not prosecute a timely appeal. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988)(same). In this case, Votaw's judgment became final on **February 18, 2005**, thirty days after sentencing on January 19, 2005. Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Because Votaw did not file any collateral motions in the state court, there is no statutory tolling. Consequently, his federal

habeas corpus petition was due to be filed on or before **February 17, 2006**. Votaw did not file the present petition under **May 21, 2007**, more than one year beyond expiration of the one-year federal limitations period.

## Actual Innocence Claim

Votaw acknowledges that his petition is untimely. However, citing *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), he contends he is entitled to an "actual innocence" exception to the time bar. (See § 2254 petition at p. 14; Memorandum of Law at pp. 1-2). This argument must be denied for two reasons. First, the Court knows of no "actual innocence" exception to the federal limitations period. This Circuit has yet to decide whether such an exception exists. *See Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1315 (11th Cir. 2001); *Wyzykowski v. Dept. of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000). Review of the history of "actual innocence" and examination of the current statute, including the Court's role in interpreting it, support the conclusion that a claim of actual innocence does not provide a basis to avoid the AEDPA statute of limitations governing state prisoner federal habeas petitions.

This Court need not reach this issue, however, because even if the exception applies, Votaw does not present a colorable claim of actual innocence. In a situation like the one presented here, where the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, the federal court must first consider whether the petitioner can show actual innocence before the court addresses whether an exception to the limitation period is required by the Suspension Clause of the United States Constitution. *Wyzykowski,* 226 F.3d at 1218.

A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction "probably resulted" from "a constitutional violation." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L. Ed.2d 397 (1986)). The petitioner meets the "probably resulted" standard by demonstrating that, based on the new evidence, "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 329, 115 S. Ct. at 867-68. Most importantly, the petitioner must support the actual innocence claim "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-- that was not presented at trial." *Id.* at 324, 115 S. Ct. at 865. A petitioner meets the "threshold showing of innocence" justifying "a review of the merits of the constitutional claims" if the new evidence raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S. Ct. at 862.

In this case, Votaw asserts he had prior consent to enter the residence he was charged with burglarizing, and therefore cannot be guilty of burglary. Votaw is not presenting a claim of newly discovered evidence; rather, he argues that a potential defense to the crime of burglary was available at the time he entered his plea. Votaw contends he did not raise this issue in the state court in a properly filed collateral application because he recently learned of the legal significance of his factual assertion. (See § 2254 petition at p. 6). Votaw admits, however, that he informed his attorney at the time of the plea that Votaw knew the victim and that Votaw had prior permission to enter the victim's residence. (Id.). Votaw wholly fails to present new reliable evidence of actual innocence as contemplated by *Schlup v. Delo*. Not having such evidence, he cannot show that no reasonable juror would find him guilty beyond a reasonable doubt in

light of new evidence. *See House v. Bell*, 126 S. Ct. 2064, 2077 (2006)(A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt). Thus, this Court need not determine whether "actual innocence" would constitute a freestanding exception to § 2244(d). *See Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004)(refusing to consider an exception to the statute of limitations "because the [evidence is] legally insufficient to establish that [petitioner] is actually innocent of the assault charge"). In light of the foregoing, Votaw has failed to argue a sufficient actual innocence claim to avoid dismissal of his petition as time-barred.

## Procedural Default

Even if the federal petition were timely, Votaw would not be entitled to relief from this Court because all four claims are procedurally barred. Votaw candidly acknowledges that none of his claims were raised in the state courts and it is now too late to file a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure.[2] Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Coleman v. Thompson*, 501 U.S. 722,

---

[2] Rule 3.850 motions must be filed within two years of the date the judgment became final unless one of three exceptions applies. See Fla. R. Crim. P. 3.850(b).

749-50, 111 S. Ct. 2546, 2564-65, 115 L. Ed. 2d 640 (1991); *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

As with the issue of timeliness, Votaw asserts the actual innocence exception allows review of the merits of the procedurally barred claims. (See Memorandum of Law at p. 2). Votaw's argument has no merit. For the same reason the actual innocence exception does not apply to excuse the untimeliness of the petition, Votaw cannot avoid the procedural bar. The existence of a possible consent defense to the burglary was known to Votaw and his attorney at the time of the entry of the plea. The fact that Votaw may have been unaware of the legal significance of such defense does not excuse his default. Votaw presents no new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not available at the time of the change of plea proceeding. His claims are procedurally barred.

Accordingly, the Court orders:

That Votaw's petition is denied, with prejudice. The Clerk is directed to enter judgment against Votaw and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 19, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Paul B. Votaw